UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Michael Whitmer**, individually, and on behalf of all others similarly situated, | No. |
| Plaintiffs, | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |
| v. | |
| **Chad Arnold Insurance and Financial Services, Inc.**, an Illinois corporation, and **Chad Arnold.** | **JURY DEMAND (Endorsed hereon)** |
| Defendants. | |

Plaintiff, Michael Whitmer, ("Plaintiff"), individually, and on behalf of all other persons similarly situated, alleges as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 216(b).  Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 for Defendants' violation of Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq*. ("IMWL"). Plaintiff brings this action on behalf of himself and all similarly situated current and former Agents[1]  (also referred to as the "Covered Positions") of Defendants.

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this action against Chad Arnold Insurance and Financial Services, Inc. ("Chad Arnold Insurance"),

---

[1]      For the purposes of this Complaint, "Agent" is exclusively a job title used for the purpose of classifying the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and putative class, and has no bearing or relation to any specialization, skill, education, training, or other qualification that might otherwise be associated with such a job title.

and Chad Arnold in his individual capacity (collectively "Defendants") for their unlawful failure to pay overtime in violation of the FLSA and IMWL.

3.      Plaintiff brings a collective action under the FLSA to recover the unpaid overtime wages owed to him individually and on behalf of all other similarly situated Agents, current and former, of Defendants.  Putative members of the Collective Action are also referred to as the "Collective Members."

4.      Plaintiff brings a class action pursuant to Fed. R. Civ. P. 23 to recover the unpaid overtime wages owed to him individually and on behalf of all other similarly situated Agents, current and former, of Defendants.  Putative members of the Class Action are also referred to as the "Class Action Members."

5.      Plaintiff, the Collective Members and the Class Members are current and former employees of Defendants.  Plaintiff brings this action on behalf of himself and all similarly-situated current and former Agents who Defendants misclassified as "exempt" from overtime under the FLSA and IMWL, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

6.      The Collective Members and Class Members are all current and former Agents who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

## JURISDICTION AND VENUE

7.      Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

8.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

9.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff , the Collective Members and the Class Members occurred within the Northern District of Illinois, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

10.  Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

11.  At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Lake County, Illinois, and is a former employee of Defendants.

12.  At all material times, Plaintiff was a full-time employee of Defendants who worked as an Agent from approximately December 9, 2019 through approximately June 9, 2020.

13.  At all material times, Plaintiff was employed by Defendants and paid as an exempt employee.

14.  At all relevant times, Defendants employed Agents to perform various non-exempt duties, including, but not limited to, selling life, home, and automobile insurance, customer service, and making sales call, including soliciting potential clients with offers of free quotes.

15.  At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and IMWL § 820 105/3(d).

16.     At all material times, Plaintiff was a non-exempt employee under 29 U.S.C. § 213(a)(1) and IMWL § 820 105/4(a).

17.     Plaintiff has given his written consent to be a named representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

18.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who are current or former Agents of Defendants, including but not limited to current or former Agents of Defendants who agree in writing to join this action seeking recovery under the FLSA and IMWL.

19.     Plaintiff brings this action on behalf of himself and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Agents of Defendants who Defendants misclassified as "exempt" from overtime under the FLSA and IMWL and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

20.     Defendant Chad Arnold Insurance. is an Illinois corporation, authorized to do business in the State of Illinois and was at all relevant times Plaintiff's, the Collective Members' and the Class Action Members' Employer as defined by 29 U.S.C. § 203(d) and IMWL § 820 105/3(c).

21.     Under the FLSA, Chad Arnold Insurance. is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Chad Arnold Insurance hired and fired employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection

with Plaintiff's, the Collective Members' and the Class Action Members' employment with
Chad Arnold Insurance.  Having acted in the interest of Chad Arnold Insurance. in relation to its
employees, including Plaintiff, Chad Arnold Insurance is subject to liability under the FLSA.

22.     The IMWL defines "employer" as "Employer" as any individual, partnership,
association, corporation, limited liability company, business trust, governmental or quasi-
governmental body, or any person or group of persons acting directly or indirectly in the interest
of an employer in relation to an employee, for which one or more persons are gainfully
employed on some day within a calendar year. As Chad Arnold Insurance hired and fired
employees, supervised and controlled work schedules or the conditions of employment,
determined the rate and method of payment, and maintained employment records in connection
with Plaintiff's, the Collective Members' and the Class Action Members' employment with
Chad Arnold Insurance, Chad Arnold Insurance is an employer within the coverage the IMWL.

23.     Under the FLSA, Defendant Chad Arnold is an employer.  At all relevant times,
Chad had the authority to hire and fire employees, supervised and controlled work schedules or
the conditions of employment, determined the rate and method of payment, and maintained
employment records in connection with Plaintiff's, Collective Members' and the Class Action
Members' employment with Chad Arnold Insurance.  As a person who acted in the interest of
Chad Arnold Insurance. in relation to Chad Arnold Insurance's employees, including Plaintiff,
the Collective Members and the Class Actions Members, Chad Arnold is subject to individual
liability under the FLSA.

24.     As Chad Arnold, in his individual capacity, hired and fired employees, supervised
and controlled work schedules or the conditions of employment, determined the rate and method
of payment, and maintained employment records in connection with Plaintiff's, the Collective

Members' and the Class Action Members' employment with Chad Arnold Insurance, Chad

Arnold is an employer subject to individual liability under the IMWL.

25.     Defendants are sued in both their individual and corporate capacities.

26.     Defendants are jointly and severally liable for the injuries and damages sustained

by Plaintiff and the Collective Members.

27.     Defendants, individually and/or through an enterprise or agent, directed and

exercised control over Plaintiff's, the Collective Members' and the Class Action Members' work

and wages at all relevant times.

28.     At all relevant times, Plaintiff, the Collective Members and the Class Action

Members' in their work for Defendants, were engaged in commerce or the production of goods

for commerce.

29.     At all relevant times, Plaintiff, the Collective Members and the Class Action

Members, in their work for Defendants, were employed by an enterprise engaged in commerce

that had annual gross sales of at least $500,000.

## **FACTUAL ALLEGATIONS**

30.     Plaintiff realleges and incorporates by reference all allegations in all preceding

paragraphs.

31.     Defendants own and/or operate as Chad Arnold Insurance and Financial Services,

Inc., an enterprise located in Lake County, Illinois.

32.     Chad Arnold Insurance is a company headquartered in Antioch, Illinois.  The

services Chad Arnold Insurance offers include selling life, home, and automobile insurance to

clients.

33.     Chad Arnold Insurance's profits derive from and depend on its Agents' ability to sell insurance services to its customers.

34.     At all relevant times in their work for Defendants in the Covered Positions, Plaintiff, the Collective Action Members and the Class Action Members performed and continue to perform non-exempt inside sales and customer service tasks.

35.     At all relevant times in their work for Defendants, Agents had and have the primary job duty of selling life, home, and automobile insurance, customer service, and making sales call, including soliciting potential clients with offers of free quotes.

36.     At all relevant times in their work for Defendants, the Covered Positions are and have been classified as FLSA-exempt, and IMWL-exempt and paid a base wage plus commissions based entirely on sales performance.

37.     In December 2019, Plaintiff began employment with Defendants as an Agent, performing primarily non-exempt tasks, such as selling life, home, and automobile insurance, customer service, and making sales call, including soliciting potential clients with offers of free quotes.

38.     Rather than paying their Agents–including Plaintiff, the Collective Action Members and the Class Action Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their overtime responsibilities under the FLSA and IMWL.

39.     Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff a base salary of $34,500 annually, plus commissions based on his sales performance.  Defendants paid Plaintiff in this manner regardless of how many hours he worked in a given workweek.

40.     Defendants did not always pay Plaintiff's, the Collective Action Members' and the Class Action Members' salary in full on a weekly basis. Instead, Defendants engaged in a company-wide practice of docking Plaintiff's, the Collective Action Members' and the Class Action Members' pay for absences and partial absences.

41.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, he was scheduled, and expected, to work in excess of forty (40) hours per week.

42.     In a given workweek, and during each and every workweek of Plaintiff's employment with Defendants, he worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times his regular rate of pay for such time worked. The Collective Action Members and Class Action Members also worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times his regular rate of pay for such time worked.

43.     At all relevant times, Defendants have required and require Agents to be constantly available by phone and email and immediately responsive to customers' and potential customers' needs, as well as in touch with each other to monitor ever-changing customer needs.

44.     At all relevant times, Defendants required and requires Agents to work continuously throughout the day, communicating with potential and current customers by phone, text, and email, selling Defendants' services.

45.     In their work for Defendants, Plaintiff, the Collective Action Members and the Class Action Members were not outside sales employees.

46.     In their work for Defendants, Plaintiff, the Collective Action Members and the Class Action Members were not customarily and regularly engaged away from Defendants' place or places of business in performing their primary duties.

47.     In their work for Defendants, Plaintiff, the Collective Action Members and the Class Action Members were not commissioned sales employees half of whose total earnings consisted of commissions.

48.     At no point during any workweek during which Plaintiff, the Collective Action Members and the Class Action Members worked for Defendants did more than half of their total earnings consist of commissions.

49.     In their work for Defendants, Plaintiff, the Collective Action Members and the Class Action Members were not employed by an establishment that qualifies as a bona fide "retail or service establishment."

50.     In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Action Members' and the Class Action Members' primary duty was not managing the enterprise that is Chad Arnold Insurance, or managing a customarily recognized department or subdivision of the enterprise that is Chad Arnold Insurance.

51.     In their work for Defendants in the Covered Positions, Plaintiff, the Collective Action Members and the Class Action Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

52.     In their work for Defendants in the Covered Positions, Plaintiff, the Collective Action Members and the Class Action Members did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

53.     In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Action Members' and the Class Action Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of Chad Arnold Insurance or its customers.

54.     In their work for Defendants in the Covered Positions, Plaintiff's, the Collective Action Members' and the Class Action Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

55.     From the beginning of Plaintiff's, the Collective Action Members' and the Class Action Members' employment through the present day, Defendants failed to properly compensate them for any of their overtime hours.  During each and every workweek during which Plaintiff, the Collective Action Members and the Class Action Members worked for Defendants, they worked approximately forty-five (45) to sixty (65) hours per week.

56.     Defendants engaged in the regular practice of willfully failing to pay Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiff, the Collective Action Members and the Class Action Members to work in excess of forty (40) hours per workweek.

57.     As a result of Defendants' willful failure to pay Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiff, the Collective Action Members and the Class Action Members less than the applicable overtime wage rate for such work that they performed in excess of forty (40) hours per workweek.

58.     Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiff, the Collective Action Members

and the Class Action Members to work. As such, Plaintiff's, the Collective Action Members' and the Class Action Members' time records understate the duration of time each workweek that Defendants suffered or permitted them to work.

59.     As a result of Defendants' willful failure to compensate Plaintiff, the Collective Action Members and the Class Action Members the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a) and IMWL § 820 105/4(a).

60.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA and IMWL overtime wage requirements during Plaintiff's, the Collective Action Members' and the Class Action Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA and the IMWL.

61.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiff, the Collective Action Members and the Class Action Members one-and-one-half times their regular rates of pay for all time worked in excess of forty (40) hours per workweek.

62.     In a given workweek, and during each and every workweek of Plaintiff's, the Collective Action Members' and the Class Action Members' employment with Defendants, Plaintiff, the Collective Action Members and the Class Action Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

63.     Due to Defendants' illegal wage practices, Plaintiff, the Collective Action Members and the Class Action Members are entitled to recover from Defendants compensation

-11-

for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as a representative of individuals similarly situated who are current or former Agents of Defendants.

66.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on his own behalf and as representatives of individuals similarly situated who are current and Agents of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

67.     At all relevant times, Plaintiff and the Collective Action Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiff's and the Collective Action Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiff's claims stated herein are essentially the same as those of the Collective Action Members. This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

68.     Plaintiff and the Collective Action Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek.  Further, Plaintiff and the Collective Action Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

69.     Rather than paying their Agents–including Plaintiff and the Collective Action Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their overtime responsibilities under the FLSA.

70.     Throughout Plaintiff's and the Collective Action Members' employment with Defendants, Defendants paid Plaintiff a base salary of $34,500 annually, plus commissions based on his sales performance.  Defendants paid Plaintiff in this manner regardless of how many hours he worked in a given workweek.

71.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Action Members' employment with Defendants, they were expected to work in excess of forty (40) hours per week.

72.     In a given workweek, and during each and every workweek, of Plaintiff's and the Collective Action Members' employment with Defendants, they worked between five (5) and twenty-five (25) hours of overtime (i.e., hours in excess of 40 in a given workweek) without being compensated at one-and-one-half times their regular rates of pay for such time worked.

73.     Although Defendants permitted and/or required the Collective Action Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

74.     The Collective Action Members perform or have performed the same or similar work as Plaintiff.

75.     The Collective Action Members are not exempt from receiving overtime pay.

76.     As such, the Collective Action Members are similar to Plaintiff in terms of job title, job duties, pay structure, and/or the denial of overtime.

77.     Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Collective Action Members.

78.     The experiences of Plaintiff, with respect to his pay, are typical of the experiences of the Collective Action Members.

79.     The specific job titles or precise job responsibilities of each Collective Active Member does not prevent collective treatment.

80.     All Collective Action, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

81.     Although the exact amount of damages may vary among the Collective Action Members, the damages for the Collective Action Members can be easily calculated by a simple mathematic formula.  The claims of all Collective Action Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Action Members.

82.     As such, Plaintiff brings his FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Action Members are all of Defendants' current and former Agents who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present.</u>**

83.     Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

84.     Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

85.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

86.     This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

87.     The Collective Action Members perform or have performed the same or similar work as Plaintiffs.

88.     Upon information and belief, the individuals similarly situated to Plaintiff include more than fifty (50) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

89.     Notice can be provided to the Collective Action Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

90. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Action Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

## RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

91. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92. Plaintiff brings Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiffs bring these claims on behalf of themselves and all members of the following class (the "Illinois Class") comprised of:

93. **Rule 23 Class**

**The Illinois Class Action Members are all of Defendants' current and former Agents who worked for Defendants in the State of Illinois at any time starting three years before this lawsuit was filed up to the present**.

**a. Numerosity (Rule 23(a)(1)).**

94. The Illinois Class is so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Defendants employed greater than fifty people who satisfy the definition of the Illinois Class.

**b. Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

95. Common questions of law and fact exist as to the Plaintiffs and the members of the Illinois Class including, but not limited to, the following:

a. Whether Defendants unlawfully failed to pay members of the Illinois Class the overtime wage, in violation of the Illinois Minimum Wage Law ("IMWL");

b. Whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

c. The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

**c. Typicality (Rule 23(a)(3)).**

-16-

96.     Plaintiff's claims are typical of the members of the Illinois Class' claims. Plaintiff, like other members of the Illinois Class, was subjected to Defendants' illegal scheme to maximize profits by depriving their employees of overtime compensation.

**d.   Adequacy (Rule 23(a)(4)).**

97.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

**e.   Injunctive and Declaratory Relief (Rule 23(b)(2)).**

98.     Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the members of the Illinois Class, making appropriate declaratory relief with respect to the members of the Illinois Class as a whole.

**f.   Predominance and Superiority of Class Action (Rule 23(b)(3)).**

99.     Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Illinois Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

100.     Plaintiff intends to send notice to all members of the Illinois Class to the extent required by Rule 23.

## **DAMAGES**

101.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

102.    Plaintiff, the Collective Action Members and the Class Action Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federal and state mandated overtime rate– i.e., Plaintiff, the Collective Action Members and the Class Action Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants.

103.    Plaintiff, the Collective Action Members and the Class Action Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b) and IMWL § 820 105/1 *et seq.*

104.    Plaintiff, the Collective Action Members and the Class Action Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b) and IMWL § 820 105/1 *et seq.*

105.    Plaintiff and the Class Action Members are further entitled to recover statutory damages and interest as provided by IMWL § 820 105/1 *et seq.*

## <u>COUNT ONE: FAIR LABOR STANDARDS ACT</u><br><u>UNPAID OVERTIME</u>

106.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

107.    Defendants misclassified Plaintiff and the Collective Action Members as "exempt" from overtime under the FLSA.

108.    Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Collective Action Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

109.    While employed by Defendants, Plaintiff and the Collective Action Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Collective Action Members one-and-one-half times their regular rate of pay for such time.

110.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Action Members overtime according to the provisions of the FLSA.

111.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiff and the Collective Action Members in accordance with 29 U.S.C. § 207.

112.    Plaintiff and the Collective Action Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

113.    Defendants have intentionally failed and/or refused to pay Plaintiff and the Collective Action Members overtime according to the provisions of the FLSA.

114.    Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and the Collective Action Members in accordance with 29 U.S.C. § 207.

115.    Although at this stage, Plaintiff and the Collective Action Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Action Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

116.    Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Collective Action Members over the course of their employment would violate federal law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Action Members' employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA.

117.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective Action Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

118.    As a result of Defendants failure or refusal to pay Plaintiff and the Collective Action Members a wage equal to one and one half times Plaintiff's and the Collective Action Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a).  Plaintiff and the Collective Action Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: ILLINOIS MINIMUM WAGE LAW
## UNPAID OVERTIME

119.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120.    Defendants misclassified Plaintiff and the Class Action Members as "exempt" from overtime under the IMWL.

121.     Defendants operated pursuant to their policy and practice of not paying Plaintiff and the Class Action Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

122.     While employed by Defendants, Plaintiff and the Class Action Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiff and the Class Action Members one-and-one-half times their regular rate of pay for such time.

123.     As a result, Defendants have intentionally failed and/or refused to pay Plaintiff and the Class Action Members overtime according to the provisions of the IMWL.

124.     Defendants have engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the Class Action Members in accordance with IMWL § 820 105/4(a).

125.     Plaintiff and the Class Action Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

126.     Defendants have willfully failed and/or refused to pay Plaintiff and the Class Action Members overtime according to the provisions of the IMWL.

127.     Although at this stage, Plaintiff and the Class Action Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Action Members believe that such information will become available during the course of discovery.  Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

128.     Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Action Members over the course of their employment would violate Illinois law, and Defendants were aware of the Illinois overtime wage requirements during Plaintiff's and the Class Action Members' employment.  As such, Defendants' conduct constitutes a willful violation of the IMWL.

129.     Defendants have and continue to willfully violate the IMWL by not paying Plaintiff and the Class Action Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

130.     As a result of Defendants failure or refusal to pay Plaintiff and the Class Action Members a wage equal to one and one half times Plaintiff's and the Class Action Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated IMWL 820 § 105/4(a).  Plaintiff and the Class Action Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Michael Whitmer, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Action Members' and the Class Action Members' favor, and against Defendants:

A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

i.     violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

      ii.     willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 207;

      iii.    violated the overtime provisions of IMWL § 105/4(a), by failing to pay proper minimum wages; and

      iv.    willfully violated the minimum wage provisions of the IMWL § 105/4(a);

B.     For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Action Members and the Class Action Members;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.     For the Court to award all statutory damages, interest attorney fees and costs owed to Plaintiff and the Class Action Members under the IMWL.

F.     For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G.     For the Court to provide a reasonable incentive award for Plaintiff to compensate him for the time he spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H.     Such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs, the FLSA Collective, and the Illinois Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  October ___, 2020

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice* forthcoming)
Christopher J. Bendau (*pro hac vice* forthcoming)
BENDAU & BENDAU PLLC
P.O. Box 97060
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliff@bswages.com